■ HERLINDA VIERYA et al., Appellants, v BRIGGS & STRATTON CORP. et al., Appellants, and PERGAMENT DISTRIBUTORS, INC., Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs and the defendants Briggs & Stratton Corp., Aircap Manufacturers, Inc., and Sunbeam Corporation appeal from an order of the Supreme Court, Nassau County (Levitt, J.), entered November 29, 1989, which granted the motion of the defendant Pergament Distributors, Inc., to resettle prior orders of the same court, dated May 2, 1988, and February 21, 1989, respectively, by reinstating the cross claims of Pergament Distributors, Inc., against its codefendants, directing a joint trial of the plaintiffs' action and those cross claims, and consolidating the inquest on damages with respect to Pergament Distributors, Inc., with the trial on damages in respect to the other defendants.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

By order dated May 2, 1988, the Supreme Court, Nassau County, conditionally granted the plaintiffs' motion to strike the answer of the defendant Pergament Distributors, Inc. (hereinafter Pergament) if it failed to comply with court-

ordered discovery within 20 days after service upon its attorneys of a copy of that order, with notice of entry. That determination was made upon Pergament's default in opposing the plaintiffs' motion. Pergament did not comply, and by order dated February 21, 1989, the court granted the plaintiffs' motion for leave to enter a default judgment. It severed the cause of action against Pergament from the main action, and directed an inquest assessing damages against Pergament. Pergament moved to be relieved of its default in opposing the plaintiffs' motion pursuant to CPLR 5015, but by order dated July 10, 1989, that motion was denied. The order dated July 10, 1989, was affirmed by this court (Vierya v Briggs & Stratton Corp., 166 AD2d 645). However, also in July 1989, Pergament moved to resettle the orders dated May 2, 1988, and February 21, 1989, respectively, to indicate that Pergament's cross claims against the remaining defendants were still viable. In the order appealed from, the Supreme Court granted Pergament's motion and, in addition, directed that the cross claims and the damages to be assessed against Pergament be determined at the trial of the main action.

The Supreme Court has the power to set aside, correct, or modify its own orders on a motion of any party upon appropriate grounds (see, Halloran v Halloran, 161 AD2d 562, 564; Matter of Jericho Union Free School Dist. No. 15 v Board of Assessors, 131 AD2d 482, 483). In the present case, we do not believe that in so doing the court improvidently exercised its discretion in directing that the plaintiffs try the damages issue with respect to Pergament at the trial of the main action (see, Shanley v Callanan Indus., 54 NY2d 52, 57). Under the circumstances of this case, it appears that the interests of judicial economy and consistency will be served thereby. We do not find that this robs the plaintiffs of their victory against Pergament or contradicts our holding in the previously decided appeal. Further, in stating that the cross claims against Pergament's codefendants were still viable and ordering that they not be severed (see, CPLR 603) the court did not "revive" them inasmuch as it had never dismissed those claims in its prior orders. Indeed, the court noted that it had previously granted only the relief requested by the plaintiffs, which had been for judgment against Pergament "for the relief demanded in the Complaint". Severance of the action against Pergament upon entry of a default judgment simply did not come into play here because no judgment could be entered against Pergament in the first instance until an assessment of damages had been made (see, CPLR 3215 [a], [b]).

We note that the plaintiffs need not establish a prima facie case against Pergament inasmuch as Pergament has admitted all allegations of fault in the complaint by reason of its default *(see, Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730; *McClelland v Climax Hosiery Mills,* 252 NY 347, 351).

We have examined the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.