■ Moussa Diane, Respondent, v Ricale Taxi, Inc., Appellant, et al., Defendants. [739 NYS2d 8] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered February 16, 2001, which denied defendant-appellant's motion to vacate the note of issue filed by plaintiff and a prior order, entered on or about April 5, 2000, conditionally striking defendant-

appellant's answer, and to direct plaintiff to submit to an independent medical examination, unanimously modified, on the law, the facts and in the exercise of discretion, to grant defendant-appellant's motion to the extent of vacating the April 2000 order to the extent it had the effect of striking defendant-appellant's answer on the issue of damages, to reinstate said answer to that extent, of vacating the note of issue, and of directing plaintiff to submit to an independent medical examination, and otherwise affirmed, without costs.

Plaintiff alleges that he was injured when a taxi allegedly owned by defendant-appellant Ricale Taxi, Inc. (Ricale) rear-ended his automobile and left the accident scene. Ricale denies that its taxi was involved in the incident, but failed to produce any witness for deposition at the time and place directed by a preliminary conference order. On a prior motion by plaintiff, the IAS court rendered an order in April 2000 conditionally striking Ricale's answer, without need for further motion practice, in the event Ricale failed to produce a specified individual, whom Ricale had identified as the driver of its taxi at the time of the accident, for deposition on or before June 4, 2000. Ricale failed to produce its driver for deposition by June 4, 2000, although Ricale had neither appealed from the April 2000 order nor sought to modify it prior to that date. In January 2001, upon issuance of a notice of inquest, Ricale made an application for, inter alia, vacatur of the striking of its answer pursuant to the April 2000 order. The only excuse Ricale offered for its noncompliance with the April 2000 order was its counsel's bare assertion that, for reasons left unstated, Ricale purportedly had been "unable to produce [the driver] on June 4, 2000," although Ricale had been directed to produce the driver on *or before* that date.

Under the above-described circumstances, we cannot say that the IAS court improvidently exercised its discretion to the extent it declined to vacate the striking of Ricale's answer on the issue of liability, implicitly based on a finding that Ricale's violation of the April 2000 order had been willful and contumacious (*see*, CPLR 3126). We modify, however, to reinstate Ricale's answer solely on the issue of damages, to vacate the note of issue served by plaintiff, and to direct plaintiff to submit to an independent medical examination. Since the witness whom Ricale failed to produce pursuant to the April 2000 order would have provided testimony relevant solely to the issue of liability, Ricale's answer should have been stricken solely as to that issue. "Only those portions of the pleading concerned with the suppressed evidence should normally be stricken [pur-

suant to CPLR 3126]" (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.10, at 31-606; *see also, Virola v New York City Hous. Auth.*, 185 AD2d 122, 124 [vacating striking of answer and instead resolving in plaintiff's favor issue as to which defendant failed to provide discovery]). Our determination to strike the note of issue and to grant Ricale an independent medical examination is also supported by the fact that plaintiff, contrary to the representations he made in serving his note of issue in December 2000 that all discovery and other pretrial proceedings had been completed, subsequently served an amended bill of particulars in January 2001 significantly adding to the claimed injuries, and produced a previously undisclosed medical report of a surgical procedure that had been performed in June 2000, six months prior to service of the note of issue. Concur—Nardelli, J.P., Williams, Andrias, Saxe and Friedman, JJ.