■ DANIEL S. CILLO, an Infant, by His Parent and Natural Guardian, DANIEL J. CILLO, et al., Plaintiffs, v RESJEFAL CORPORATION et al., Respondents, and D.B. BROWN, INC., Appellant. (And Other Actions.) DANIEL S. CILLO, an Infant, by His Parent and Natural Guardian, DANIEL J. CILLO, et al., Respondents, v RESJEFAL CORPORATION et al., Defendants, and D.B. BROWN, INC., Appellant. (And a Third-Party Action.) [787 NYS2d 269]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 14, 2003, which, to the extent appealed from, denied defendant D.B. Brown's motion to preclude plaintiffs from supplementing their expert exchange and to strike this matter from the trial calendar, unanimously affirmed, without costs or disbursements. Order, same court (Howard R. Silver, J.), entered October 27, 2003, which, to the extent appealed from, granted so much of the respective motion and cross mo-

tion by defendants Resjefal Corporation and Iowa Beef Processing (IBP) as sought to bar Brown from pursuing any claims against the moving parties at trial, unanimously reversed, on the law and the facts, without costs or disbursements, and the motion denied.

This is an action to recover damages for personal injuries suffered by the infant plaintiff, then eight years old, and his grandfather, the decedent herein, who became violently ill after purportedly ingesting ground beef allegedly contaminated by E. coli bacteria. The infected meat had been butchered and processed by IBP, distributed by Brown, a meat wholesaler, and purchased from Resjefal, which owns and operates a supermarket.

From the outset of this case, plaintiffs have alleged that as a result of defendants' negligence, the infant plaintiff sustained, inter alia, acute renal failure and hemolytic uremic syndrome. The supplemental expert submissions merely exposed defendants to greater liability; they hardly advanced a new basis for recovery that could not be considered a natural progression or complication of the medical conditions advanced in plaintiffs' bills of particulars (see Tate v Colabello, 58 NY2d 84, 87 [1983]; Villalona v Bronx-Lebanon Hosp. Ctr., 261 AD2d 185 [1999]).

There is no substance to Brown's contention that plaintiffs' attempt to supplement their expert witness disclosure was in contravention of CPLR 3101 (d) (1). That section imposes no specific time frame for a party to respond to a demand for witness information. Furthermore, a "party may serve a supplemental bill of particulars with respect to claims of continuing special damages and disabilities without leave of court at any time, but not less than thirty days prior to trial" (CPLR 3043 [b]), and there is no indication that commencement of trial was imminent. At any rate, a delay in furnishing additional expert information or other disclosure items would not prevent an action from being restored to the trial calendar as long as such delay was neither willful nor prejudicial, and the mere passage of time is not automatically prejudicial (Leeds v Lenox Hill Hosp., 6 AD3d 232 [2004]).

In its verified answer, Brown, besides denying all the material allegations of the amended complaint as well as separately and independently interposing six affirmative defenses, pursuant to CPLR 3019 (b), asserted cross claims against IBP and Resjefal for contribution and indemnification. By order entered March 11, 2002, on plaintiffs' motion, Brown's answer was stricken "as to defenses and liability," as the court noted, for its failure to comply with an outstanding order having to do with plaintiffs'

discovery requests. A "defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability," but not damages (*Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730 [1984]). This Court affirmed the order striking Brown's answer (300 AD2d 146 [2002]).

On the second order on appeal, Supreme Court, in granting the motion of codefendants IBP and Resjefal to preclude the assertion of any cross claims by Brown, interpreted the ruling striking the answer to include the striking of those cross claims. This is a misreading of the order, which was intended only to benefit plaintiffs for Brown's obstructive conduct in failing to comply with their discovery demands. That part of the answer containing the cross claims was not at issue and those claims remain viable (*see Vierya v Briggs & Stratton Corp.,* 184 AD2d 766 [1992]). Indeed, neither IBP nor Resjefal supported the motion to strike; nor were they in any way involved in the motion. Nor, contrary to their assertions on oral argument, are IBP and Resjefal prejudiced by allowing the cross claims to proceed. There is no showing in the record of any prejudice to either codefendant as a result of Brown's discovery defaults towards plaintiffs. Indeed, the striking of Brown's answer was, in large part, based on its failure to produce documents related to transactions between itself and Resjefal or IBP, documents which, as they relate to each of these defendants, respectively, are presumably in their possession. Thus, the cross claims stand and should be resolved together with the damages to be assessed against Brown at the trial of the action. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.