■ JOHN MATUSEWICZ et al., Respondents, v Jo Jo's AUTO PARTS, INC., et al., Appellants. [795 NYS2d 461]—In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Richmond County (Minardo, J.), dated July 17, 2003, which denied their motion pursuant to CPLR 3126 to preclude the plaintiff from offering evidence on the issue of damages and, upon preclusion, for summary judgment dismissing the complaint, and (2) an order of the same court dated September 4, 2003, which denied their motion, denominated as one for leave to reargue and renew, but which, in actuality, was one for leave to reargue.

In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Minardo, J.), entered March 25, 2004, which, upon an order of the same court dated February 6, 2004, granting the defendants' motion pursuant to CPLR 3126 to dismiss the complaint for failure to comply with court-ordered discovery, dismissed the complaint. The notice of appeal from the order dated February 6, 2004, is deemed to be a notice of appeal from the judgment (see CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law, without costs or disbursements, the complaint is reinstated, the motion is granted unless (1) the plaintiffs withdraw the claim with respect to any injuries allegedly attributable to the exacerbation of the plaintiff John Matusewicz's preexisting diabetic condition, (2) the plaintiffs furnish the defendants with admissible medical reports and/or affirmations and/or affidavits of at least two physicians which support the claim that the plaintiff John Matusewicz's back was injured solely as a result of the November 7, 1998, accident which is the subject of this lawsuit, and (3) the plaintiff John Matusewicz appear for an independent medical examination before an examining physician to be designated by the defendants, at a time and place to be designated by the defendants, and the order dated February 6, 2004, is modified accordingly; and it is further,

Ordered that the plaintiffs shall comply with condition No. 2 within 45 days after the service upon them of a copy of this decision and order, and the plaintiff John Matusewicz shall comply with condition No. 3 within 90 days after the service upon the plaintiffs of a copy of this decision and order.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who fails to obey an order directing disclosure is generally a matter within the discretion of the Supreme Court (see Jaffe v Hubbard, 299 AD2d 395 [2002]). However, the remedy should be as "narrowly tailored as possible to the circumstances of the individual case" (DiDomenico v C&S Aeromatik Supplies, 252 AD2d 41, 49 [1998]). Any sanction imposed should be narrowly designed " 'to prevent a party who has refused to disclose evidence from affirmatively exploit-

ing or benefiting from the unavailability of the proof during the pending civil action' " (*DiDomenico v C&S Aeromatik Supplies, supra* at 49, quoting *Sands v News Am. Publ.,* 161 AD2d 30, 37 [1990]; *see Diane v Ricale Taxi,* 291 AD2d 320, 321-322 [2002]).

In light of the willful and contumacious behavior of the plaintiff John Matusewicz in failing to attend two separate appointments for an independent medical examination with the defendants' designated endocrinologist, it was proper to preclude the plaintiffs from offering any proof as to injuries attributable to any exacerbation of his preexisting diabetic condition. However, the Supreme Court improvidently exercised its discretion in precluding the plaintiffs from offering proof as to the plaintiff John Matusewicz's alleged back injuries without offering them a final opportunity to demonstrate that Matusewicz's alleged back injuries were not related in any way to that preexisting diabetic condition (*see Diane v Ricale Taxi, supra; DiDomenico v C&S Aeromatik Supplies, supra*). Florio, J.P., Adams, Luciano and Skelos, JJ., concur.