■ CHANDRA RAMPERSAD, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants. [817 NYS2d 20]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered December 5, 2005, which struck defendants' answer for failure to comply with a conditional, self-executing order, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 18, 2005, which directed the production of certain enumerated discovery, unanimously dismissed as moot, without costs.

To the extent necessary, we deem the notice of appeal to be a motion for leave to appeal (CPLR 5701 [c]), and grant such leave. The record is sufficient to permit review of the motion court's findings even if its order, entered December 5, 2005, was not made pursuant to a motion on notice.

A self-executing order having been issued, requiring production of a witness on a date certain, defendants were cognizant of the repercussions of their failure to produce. Rather than produce a witness, or contact the court for a protective order for

their anticipated noncompliance, defendants simply took no action. Notwithstanding their claimed good faith belief that the deposition of their witness should await the outcome of their appeal of the January 13, 2005 order compelling document production, defendants took this position at their peril. Their conduct of flouting the court order, without good cause and without contacting the court for relief therefrom, was willful and contumacious conduct, warranting sanction. "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.