■ FAYE M. EATON et al., Appellants, v SYLVIA HUNGERFORD, Individually and as Special Education Teacher of the Wayne Central School District, et al., Respondents. (Appeal No. 1.) [915 NYS2d 429]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered January 16, 2009. The order, among other things, denied the motion of plaintiffs for judgment in their favor or an order of preclusion against defendants.

It is hereby ordered that said appeal is unanimously dismissed in part and the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for allegedly having been harassed based upon their sexual orientation and having been subjected to a hostile work environment. They thereafter made a motion seeking, inter alia, judgment in their favor as a discovery sanction and an interim order transferring defendant Sylvia Hungerford to a different work location pending the outcome of this litigation. By the order in appeal No. 1, Supreme Court granted their motion only to the extent of compelling defendants to respond to specified discovery demands. Plaintiffs subsequently moved for leave to renew and/or reargue parts of the prior motion and they also sought, inter alia, leave to amend the complaint. By the order in appeal No. 2, the court granted plaintiffs' "motion to renew/reargue . . . to the limited extent" of conforming the complaint to the proof in certain respects and by ordering defendant Middle School Principal of Wayne Central School District to provide certain information and to submit to a deposition as to the circumstances surrounding the transfer of a certain work colleague of plaintiffs to another work location. We dismiss the appeal from the order in appeal No. 1 to the "limited extent" that the motion for leave to renew/reargue was granted (*see Loafin' Tree*

*Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]), and we otherwise affirm the orders in appeal Nos. 1 and 2.

With respect to the order in appeal No. 1, we conclude that the court did not abuse its discretion in denying that part of plaintiffs' motion seeking judgment in their favor as a discovery sanction. "It is well settled that the court is vested with broad discretion to control discovery and that the court's determination of discovery issues should be disturbed only upon a showing of clear abuse of discretion" (*Roswell Park Cancer Inst. Corp. v Sodexo Am., LLC*, 68 AD3d 1720, 1721 [2009]), which was not shown here. Moreover, "[t]he extreme sanction of dismissal is warranted only where there is a clear showing that [a party's] failure to comply with discovery demands was willful, contumacious or in bad faith" (*Fox v Eastman Kodak Co.*, 275 AD2d 921, 921 [2000]). Although defendants concede that their responses to several of plaintiffs' discovery demands could have been more prompt, the record nevertheless establishes that all but two of the 26 witnesses noticed for deposition by plaintiffs had been deposed by the time the court entertained plaintiffs' motion. Furthermore, as the court properly determined, many of the discovery requests set forth in the letter from plaintiffs' attorney dated September 8, 2008 were improper.

Plaintiffs further contend that the court erred in denying that part of their motion seeking to compel discovery on the issue of the provision of a defense and possible indemnification by defendants' insurer to defendant Sylvia Hungerford. The court denied that part of plaintiffs' motion in appeal No. 1 and further addressed the issue in the context of its order in appeal No. 2. We agree with the court that such discovery is irrelevant to any issues in this action, and that it is not reasonably calculated to lead to evidence "material and necessary" to the prosecution of the action (CPLR 3101 [a]; *see generally Van Horn v Thompson & Johnson Equip. Co.*, 291 AD2d 885, 885-886 [2002]). In any event, although plaintiffs argue that the insurer's defense of Hungerford demonstrates defendants' bias against them, we note that plaintiffs are not harmed by the insurer's possible indemnification of Hungerford in the event that they are ultimately awarded money damages against her, inasmuch as she may not be able to satisfy any such award herself.

Finally, we reject the contention of plaintiffs in appeal No. 1 that the court erred in denying that part of their motion for an interim order transferring Hungerford to another work location pending the outcome of this litigation. We note that plaintiffs cite no authority that would allow the court to order the transfer

of Hungerford even in the event that plaintiffs ultimately prevail in this litigation. In any event, we conclude that plaintiffs are not entitled to such provisional relief because they failed to demonstrate a likelihood of success on the merits and the prospect of irreparable harm if the provisional relief is not granted (*see generally Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216 [2009]). Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.