■ ANTHONY TRABANCO, Appellant, v CITY OF NEW YORK et al., Respondents. [916 NYS2d 90]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered October 19, 2009, which denied plaintiff's motion to strike defendants' answer pursuant to CPLR 3126, unanimously affirmed, without costs.

In this personal injury action, plaintiff appeals from an order denying his motion for an order making a conditional discovery order absolute. We conclude that the motion was properly denied because the underlying conditional order did not provide a concrete directive capable of enforcement.

In June 2007, plaintiff served defendants with a 20-day supplemental notice for discovery and inspection. By dint of two conference orders, defendants were directed to respond to the supplemental notice. Having received no response, plaintiff moved the court in November 2007 for an order pursuant to CPLR 3126 and 3124 alternatively striking defendants' answer or compelling them to respond to the supplemental notice (the first motion). With their answering papers, defendants submitted an 89-page response to plaintiff's notice. By letter dated December 17, 2007, plaintiff rejected defendants' response, calling it "late and incomplete," but provided no elaboration for his claim. The sufficiency of defendants' response was also not addressed in the reply affirmation plaintiff submitted in support of the motion.

By decision and order dated April 15, 2008 (the predicate order), Justice Mills denied the first motion with the proviso that defendants pay plaintiff's counsel fees and "submit the appropriate material in response to plaintiff's Supplemental Notice" within 20 days of service of a copy of the court's order. The predicate order did not address the sufficiency of defendants' response to plaintiff's supplemental notice. On the 19th day following service, defendants furnished plaintiff with the same previously rejected materials (except for one document that plaintiff had retained). Nine days later, plaintiff again rejected defendants' proffer stating that he would make a motion to "dismiss" and seek a ruling on the relevancy of his demands.

By the instant motion, plaintiff sought an order making the predicate order absolute and striking defendants' answer on the basis of their failure to provide required discovery. In support of the motion, plaintiff asserted that he had not been provided with an "adequate response" to his discovery demand. Plaintiff, however, provided no support for his contention that defendants' response was inadequate. Nor did he request any ruling

on the propriety of the supplemental notice. Noting that plaintiff never provided any specificity for his claim that defendants' responses were inadequate, Justice Beeler denied the motion. Notwithstanding defendants' delay in responding to plaintiff's notice, we affirm because the predicate order does not suffice as a basis for relief under CPLR 3126.

By its terms, CPLR 3126 permits a court to impose a range of sanctions upon a party's wilful failure to comply with a disclosure order. The subject order, however, must be specific. "If a party is commanded by an order to do or refrain from doing an act, the order must be sufficiently specific to enable the party clearly to understand the duty owed, so that he or she may escape punishment by contempt or otherwise for failing to obey the order" (2 Carmody-Wait 2d § 8:108 [2011]). Indeed, in the context of a contempt proceeding, "[t]o sustain a finding of either civil or criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court *clearly expressing an unequivocal mandate* was in effect" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987] [emphasis added]). The predicate order is insufficient because it leaves the interpretation of the phrase "appropriate material" open to debate. This is particularly so because specific objections to defendants' voluminous response were neither raised by plaintiff nor addressed by the court. Plaintiff correctly cites *Rampersad v New York City Dept. of Educ.* (30 AD3d 218 [2006]) for the proposition that a conditional order becomes absolute upon a party's failure to comply with its provisions. Nevertheless, a conditional order, like any other, must be sufficiently specific to be enforceable. By contrast, the order in *Rampersad* involved a specific directive to produce a witness for a deposition (*id.* at 218-219). Similarly, the conditional order in *Gibbs v St. Barnabas Hosp.* (16 NY3d 74 [2010]) gave a concrete directive to serve a supplemental bill of particulars. Concur—Tom, J.P., Mazzarelli, Friedman, Renwick and DeGrasse, JJ.