OPINION OF THE COURT
Michael D. Stallman, J.
In this personal injury action alleging a trip and fall over a makeshift concrete ramp next to a subway grating, a group of defendants seek a “declaration” that the cross claims that another defendant asserted against them for common-law indemnification and contribution were “stricken by operation of law” as a result of a prior decision and order striking that defendant’s answer, or that the cross claims should be stricken now.
Background
In this action, plaintiff alleges that, on July 16, 2002, he tripped and fell over a makeshift concrete ramp surrounding a subway grating located on the sidewalk that was part of a construction project on the east side of 8th Avenue between 42nd and 43rd Street in Manhattan. Around the end of July 2008, plaintiff moved for an order striking the answer of defendant New York City Transit Authority (NYCTA) pursuant to CPLR 3126.
By a decision and order dated November 18, 2008 and entered on November 26, 2008, Justice Donna Mills granted a motion conditionally striking the answer of defendant New York City Transit Authority pursuant to CPLR 3126, for its failure to produce a witness for an examination before trial. The order states, in pertinent part, “the NYCTA is Ordered to submit to a deposition within 15 days of receiving a copy of this Order with Nor tice of Entry. Failure of the NYCTA to comply with this Order will result in its answer being stricken.” (Ackerman affirmation, exhibit J.) Notice of entry was apparently made on or about December 18, 2008. {See id.)
According to the Tishman defendants, NYCTA did not produce a witness for a deposition, did not move to renew or reargue the decision and order, and did not appeal the decision and order. (Ackerman affirmation 1Í 14.) NYCTA does not dispute that its answer was stricken.
The Tishman defendants now seek a “declaration” that the cross claims that NYCTA asserted against them for common-law indemnification and contribution were either “stricken by operation of law” as a result of Justice Mills’s decision and or *437 der and NYCTA’s noncompliance, or that the cross claims should be stricken now. NYCTA opposes the motion.
Discussion
The Tishman defendants argue that because NYCTA’s answer was stricken, NYCTA has “no standing on which to contest liability, which should also apply to the cross-claims it asserted against the Tishman defendants.” (Ackerman affirmation 1i 34.) NYCTA points out that only plaintiff moved to strike NYCTA’s answer, and that the Tishman defendants did not join or separately move to strike NYCTA’s answer as well. According to NYCTA, it did not appeal Justice Mills’s order because it believed it had “active cross-claims, and that the negligent party would ultimately become responsible.” (Fischthal opposing affirmation H 9.) NYCTA appears to suggest that the Tishman defendants constructed the concrete ramp around the subway grating upon which plaintiff tripped, because they “were involved in the building of the a structure at the address to which the concrete ramp was in front of.” (Id. 1i 5.)
Because Justice Mills’s conditional order was self-executing, NYCTA’s failure to appear for a deposition before the date specified in her order rendered it absolute. (Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008].) NYCTA was therefore precluded from introducing any evidence tending to defeat the plaintiffs cause of action, and NYCTA was deemed to admit “all traversable allegations in the complaint, including the basic allegation of liability.” (Id.)
“Common-law indemnification requires proof not only that the proposed indemnitor’s negligence contributed to the causation of the accident, but also that the party seeking indemnity was free from negligence.” (Martins v Little 40 Worth Assoc., Inc., 72 AD3d 483, 484 [1st Dept 2010].) Because NYCTA was deemed to have admitted to the basic allegation of liability, it is logically impossible for NYCTA to assert that it is free from negligence to obtain common-law indemnification from its codefendants. An admission of liability, however, is not incompatible with a cross claim for contribution.
However, the issue before this court is whether Justice Mills’s conditional order should be read to include striking NYCTA’s cross claims, as well as the portion of the answer denying the allegations of liability of the plaintiffs complaint. This contention has a syllogism with a straightforward appeal:
NYCTA’s cross claims were asserted (i.e., included) in its answer;
*438 NYCTA’s answer was stricken;
Therefore, the NYCTA’s cross claims are stricken.
Nevertheless, this court is mindful that “[o]nly those portions of the pleading concerned with the suppressed evidence should normally be stricken [pursuant to CPLR 3126].” (Diane v Ricale Taxi, 291 AD2d 320, 321-322 [1st Dept 2002].) Thus, the issue presented is whether NYCTA’s failure to appear for a deposition concerned only its answer or the Tishman defendants’ cross claims as well.
The Appellate Division, First Department’s decision in Cillo v Resjefal Corp. (13 AD3d 292, 294 [1st Dept 2004]) is instructive. In Cilio, the infant plaintiff and his grandfather (who died) allegedly became violently ill after purportedly ingesting ground beef allegedly contaminated by E. coli bacteria. The contaminated meat had been butchered and processed by defendant Iowa Beef Processing, distributed by defendant D.B. Brown, Inc., a meat wholesaler, and purchased from defendant Resjefal Corporation, which owned and operated a supermarket.
By order entered March 11, 2002, on plaintiffs’ motion, D.B. Brown, Inc.’s answer was stricken “as to defenses and liability,” for its failure to comply with an outstanding order pertaining to plaintiffs’ discovery requests, and the order striking D.B. Brown, Inc.’s answer was affirmed on appeal. {Id. at 293, citing Cillo v Resjefal Corp., 300 AD2d 146 [1st Dept 2002].) The Supreme Court then granted the motion of codefendants Iowa Beef Processing and Resjefal Corporation to preclude the assertion of any cross claims by Brown, interpreting the ruling striking the answer to include the striking of those cross claims. The Appellate Division, First Department, reversed the Supreme Court’s ruling, stating:
“This is a misreading of the order, which was intended only to benefit plaintiffs for Brown’s obstructive conduct in failing to comply with their discovery demands. That part of the answer containing the cross claims was not at issue and those claims remain viable (see Vierya v Briggs & Stratton Corp., 184 AD2d 766 [1992]). Indeed, neither IBP nor Resjefal supported the motion to strike; nor were they in any way involved in the motion. Nor, contrary to their assertions on oral argument, are IBP and Resjefal prejudiced by allowing the cross claims to proceed. There is no showing in the record of any prejudice to either codefendant as a result of *439 Brown’s discovery defaults towards plaintiffs. Indeed, the striking of Brown’s answer was, in large part, based on its failure to produce documents related to transactions between itself and Resjefal or IBfl documents which, as they relate to each of these defendants, respectively, are presumably in their possession.” (Id. at 294.)
Cilio teaches that one must look to the circumstances giving rise to an order striking an answer to determine whether the cross claims are also stricken. The relevant circumstances are whether the codefendants supported the motion to strike the answer that was granted; whether the codefendants would be prejudiced if the cross claims were to proceed; and whether the striking of the answer was based on a failure to provide discovery which also related to codefendants.
Like IBP and Resjefal in Cilio, the Tishman defendants did not separately move to strike NYCTA’s answer. Neither is it clear whether the Tishman defendants joined in support of plaintiff’s motion to strike NYCTA’s answer. When plaintiff moved to strike NYCTA’s answer, NYCTA cross-moved for summary judgment in its favor. Plaintiff submitted an affirmation in reply and in opposition to NYCTA’s cross motion. Plaintiffs reply affirmation recited NYCTA’s failures to comply with discovery. (See Ackerman reply affirmation, exhibit B.) The Tishman defendants also opposed NYCTA’s cross motion, stating in an affirmation, “[flor purposes of judicial economy, defendant Tishman adopts and incorporates by reference the arguments, factual and legal, of plaintiffs opposition to the NYCTA’s motion for summary judgment as to the NYCTA’s statutory responsibilities.” (Ackerman reply affirmation, exhibit A.) The Tishman defendants do not assert here that they were involved in any way with plaintiffs motion to strike. Although the Tishman defendants incorporated plaintiffs arguments by reference, it does not appear that the Tishman defendants expressly joined in support of plaintiffs motion to strike NYCTA’s answer.
Unlike the situation presented in Cilio, the Tishman defendants here persuasively argue that NYCTA’s failure to appear for a deposition prejudiced both the prosecution of their cross claims against NYCTA and their defense against NYCTA’s cross claims. The Tishman defendants assert that plaintiff’s deposition testimony and photographs marked at his deposition indicate that his alleged accident occurred within 12 inches of a subway grating, an area which NYCTA is required to maintain pursuant to 34 RCNY 2-07 (b) (1).
*440 For NYCTA to establish that it had nothing to do with the concrete ramp next to the subway grating, it would presumably call a NYCTA witness to testify at trial whether NYCTA had ever built a concrete ramp next to the subway grating. It is highly implausible that Justice Mills would have created a scenario that could allow NYCTA to call a surprise witness to testify at trial that NYCTA had nothing to do with the concrete ramp, without NYCTA ever being deposed prior to trial. As the Tishman defendants indicate, plaintiffs motion to strike NYC-TA’s answer was granted after NYCTA’s failure to produce a witness for a deposition despite 14 so-ordered stipulations over a four-year period. (Ackerman affirmation If 47.) Therefore, this case is distinguishable from Cilio.
NYCTA’s reliance upon Zuckerman v City of New York (66 AD2d 248 [1st Dept 1979], revd 49 NY2d 557 [1980]) is misplaced. There, Justice Martin Evans granted NYCTA’s motion for summary judgment dismissing the complaint as against it, on the basis that NYCTA had no duty to maintain the sidewalk where the plaintiff allegedly tripped and fell. However, Justice Sidney Asch denied NYCTA’s motion for summary judgment to dismiss the cross claims of the codefendants, because the codefendants asserted an additional theory of liability against NYCTA that the plaintiff had not asserted. The Appellate Division, First Department, affirmed Justice Asch’s decision by a 3-2 plurality. However, the Court of Appeals reversed the Appellate Division’s decision affirming Justice Asch’s decision, and granted summary judgment to NYCTA dismissing the cross claims, setting forth the oft-cited standards of summary judgment.
Moreover, Zuckerman is factually distinguishable from the case at bar. In Zuckerman, NYCTA argued that dismissal of the plaintiffs complaint resulted in dismissal of the cross claims against NYCTA of the codefendants asserted in their respective answers. Zuckerman (66 AD2d 248) does not speak to the issue of the effect of the striking of a defendant’s answer on the cross claims asserted in the same stricken pleading.
Given the particular circumstances surrounding the issuance of Justice Mills’s order, this court agrees that her prior conditional order striking NYCTA’s answer was intended to strike the cross claims against NYCTA’s codefendants. Accordingly, the Tishman defendants’ motion is granted to the extent that they are entitled to an order which unambiguously provides that NYCTA’s cross claims against its codefendants are stricken.
*441 Conclusion
Accordingly, it is hereby ordered that this motion by defendants Tishman Construction Corporation of New York, Tishman Realty & Construction, Co., Inc., Tishman Realty Corporation and Tishman Hotel Corporation (collectively, the Tishman defendants), for an order dismissing the cross claims of defendant New York City Transit Authority, is granted, and the cross claims of defendants New York City Transit Authority are stricken.