# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1299**
**CA 13-01043**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

ISKALO ELECTRIC TOWER LLC AND DOWNTOWN CBD
INVESTORS LLC, PLAINTIFFS-RESPONDENTS,

                          V                              MEMORANDUM AND ORDER

STANTEC CONSULTING SERVICES, INC.,
DEFENDANT-APPELLANT.

---

HARTER SECREST & EMERY LLP, ROCHESTER (F. PAUL GREENE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

THE GARAS LAW FIRM, LLP, BUFFALO (JOHN C. GARAS OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 12, 2013. The order granted the motion of plaintiffs for an order determining, inter alia, that they had complied with a conditional order entered May 17, 2012 and denied the cross motion of defendant for an order staying determination of plaintiffs' motion pending the deposition of a certain person.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs, limited liability companies managed by Iskalo Development Corp. (Iskalo), commenced this action seeking damages for defendant's alleged breach of two commercial leases. Defendant interposed an answer asserting six counterclaims and served a notice demanding the production of documents in 49 categories. Plaintiffs produced approximately 1,100 pages in response. Defendant deemed that response insufficient and sent plaintiffs' attorney a letter dated December 16, 2011 demanding production of documents in 11 additional categories, and further production of documents in nine of the categories of its initial notice to produce. Defendant subsequently moved to compel production of the requested documents. Plaintiffs did not oppose the motion, and instead produced approximately 1,700 additional pages of documents. By order entered May 17, 2012, Supreme Court conditionally dismissed the complaint unless plaintiffs "produce[d] for discovery and inspection the documents and information sought in [defendant]'s motion within thirty (30) days of service." Defendant thereafter deposed a former Iskalo employee, who allegedly testified to the existence of documents that had not yet been produced, but which were responsive to defendant's discovery requests. Plaintiffs located those and other documents, and

produced thousands of additional pages of documents in July and September 2012.  Defendant sent a letter to plaintiffs' attorney stating that, by the self-executing terms of the conditional order of dismissal, the complaint was dismissed for plaintiffs' failure to comply with the discovery mandates set forth in the conditional order, whereupon plaintiffs moved for an order determining, inter alia, that they had complied with the conditional order.  Defendant cross-moved for an order staying determination of plaintiffs' motion pending the deposition of Iskalo's executive vice-president.  The court granted plaintiffs' motion, finding that "[p]laintiffs made diligent efforts to comply with the Court's Order entered May 17, 2012," and denied defendant's cross motion.  We affirm.

" 'It is well settled that the court is vested with broad discretion to control discovery and that the court's determination of discovery issues should be disturbed only upon a showing of clear abuse of discretion' " (*Eaton v Hungerford*, 79 AD3d 1627, 1628).  The court has the power to grant a conditional order that imposes a sanction upon a party unless that party submits to a discovery request by a certain date (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 79; *Legarreta v Neal*, 108 AD3d 1067, 1068; *see also* CPLR 3126).  Generally, a "conditional order [of dismissal is] self-executing and [a party]'s 'failure to produce [the requested] items on or before the date certain' render[s] it 'absolute' " (*Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830; *see Gibbs*, 16 NY3d at 78; *Burton v Matteliano*, 98 AD3d 1248, 1250).  "Nevertheless, a conditional order, like any other, must be sufficiently specific to be enforceable" (*Trabanco v City of New York*, 81 AD3d 490, 492).  Here, the court's conditional order did not give a specific, concrete directive, but rather ordered plaintiffs to disclose "the documents and information sought in [defendant]'s motion."  We decline to disturb the court's discretionary determination that the thousands of pages of documents produced by plaintiffs prior to the deadline sufficiently satisfied the numerous categories sought by defendant in its discovery requests (*see generally Eaton*, 79 AD3d at 1628).  Finally, we note that, if further depositions yield new facts that would change the court's determination in the order appealed from, defendant may seek relief pursuant to CPLR 2221.

Entered:  January 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court