Matter of Donique T. v Administration for Children's Servs. (2021 NY Slip Op 02230)





Matter of Donique T. v Administration for Children's Servs.


2021 NY Slip Op 02230


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Docket No. L-21099/10 Appeal No. 13545 Case No. 2019-4558 

[*1]In the Matter of Donique T., Appellant,
v
Administration for Children's Services et al., Respondents.


Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for Administration for Children's Services, respondent.



Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about May 10, 2019, which rejected the April 15, 2019 report of the same court (Susan Danoff, J.H.O.), recommending a finding of contempt against the foster care agency and the Administration for Children's Services (ACS) as well as sanctions, and concluding that the Family Court lacked subject matter jurisdiction to make a contempt determination, unanimously affirmed, without costs.
A party seeking an order of contempt based on an alleged violation of a court order must establish that "a lawful order of the court, clearly expressing an unequivocal mandate, was in effect" (Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; see also Trabanco v City of New York, 81 AD3d 490, 492 [1st Dept 2011]). Here, the April 30, 2018 order clearly stated that all prior orders were to continue until appellant's 21st birthday and that his placement was to terminate by operation of law on his 21st birthday May 9, 2018. The alleged noncompliance took place in the fall of 2018 and the contempt motion was not filed until December 2018. Based on the facts of this case, appellant failed to establish that there was an enforceable order in effect at the time the agency and ACS allegedly violated it.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021