Board of Mgrs. of the A Bldg. Condominium v 13th & 14th St. Realty LLC (2023 NY Slip Op 02451)

Board of Mgrs. of the A Bldg. Condominium v 13th & 14th St. Realty LLC

2023 NY Slip Op 02451

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Index No. 100061/11 Appeal No. 225 Case No. 2022-04136 

[*1]Board of Managers of the A Building Condominium et al., Plaintiffs-Respondents,
v
13th & 14th Street Realty LLC et al., Defendants-Respondents, Benjamin Shaoul et al., Defendants.
13th & 14th Street Realty LLC et al., Third-Party Plaintiffs-Respondents, Benjamin Shaoul et al., Third-Party Plaintiffs,
v
Hudson Meridian Construction Group LLC, Third-Party Defendant-Appellant, Tingwall, Inc., et al., Third-Party Defendants.
Hudson Meridian Construction Group LLC, Second Third-Party Plaintiff-Appellant,
v
Demar Plumbing Corp., et al., Second Third-Party Defendants.
Hudson Meridian Construction Group LLC, Third Third-Party Plaintiff-Appellant,
v
Structural Group Inc. et al., Third Third-Party Defendants.

Pillinger Miller Tarallo, LLP, New York (George F. Meierhofer of counsel), for appellant.
Cozen O'Connor, New York (John J. Sullivan of counsel), and Weg & Myers, PC, Rye Brook (Dennis T. D'Antonio of counsel), for respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 1, 2022, which, insofar as appealed from as limited by the briefs, denied the motion of third-party defendant/second third-party plaintiff/third third-party plaintiff Hudson Meridian Construction Group LLC for a default judgment against defendants/third-party plaintiffs 13th & 14th Street Realty LLC, Magnum Management LLC and Ascend Group LLC (collectively the sponsor defendants) striking their answer and dismissing their cross-claims against Hudson, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Hudson was entitled to a default judgment dismissing the sponsor defendants' answer and the cross-claims against it. The August 20, 2020 order under which Hudson moved for a default judgment directed the parties to, among other things, enter into a discovery stipulation by a date certain. The order further stated that if the sponsor defendants failed to comply, "their answers will be stricken." Although the August 2020 order was served on the sponsor defendants, they did not comply with it, and because the order was conditional and self-executing, it became effective upon the sponsor defendants' failure to enter into a discovery stipulation by the appointed date (see Rampersad v New York City Dept. of Educ., 30 AD3d 218, 218-219 [1st Dept 2006]). Furthermore, the sponsor defendants never moved for relief from the order (see id. at 218-219).
We reject the sponsor defendants' assertion that the August 20, 2020 order allows the cross-claims to stand. Cillo v Resjefal Corp. (13 AD3d 292 [1st Dept 2004]), upon which the sponsor defendants rely, is distinguishable from this case. In Cillo, the motion court issued an order striking defendant's answer. On appeal, this Court found that the motion court's ruling did not include striking of the cross-claims (id. at 294). We noted that the motion court struck the answer because the defendant had failed to comply with an outstanding order concerning the plaintiffs' discovery requests; therefore, the order made clear that it was intended to benefit only the plaintiffs and that the portion of the answer containing the cross-claims was not at issue (id.). Here, by contrast, the language of the August 20, 2020 order makes clear that the prospective striking of the sponsor defendants' answer was intended to benefit all the parties who would have been placed at a disadvantage by the sponsor defendants' absence from the litigation, including Hudson.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023