Schoellkopf v Borowiak (2024 NY Slip Op 06443)

Schoellkopf v Borowiak

2024 NY Slip Op 06443

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

708 CA 22-01733

[*1]J. FREDERICK SCHOELLKOPF, VI, AS EXECUTOR OF THE ESTATE OF KRISTIN S. BOROWIAK, DECEASED, PLAINTIFF-RESPONDENT,
v
PAUL J. "BUDDY" BOROWIAK, JR., DEFENDANT-APPELLANT. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 17, 2022. The order denied the motion of defendant to compel disclosure of certain records. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Defendant appeals from an order in which Supreme Court, after conducting an in camera review of pre-accident medical records from two of decedent's treatment providers, denied defendant's motion to compel disclosure of those records. We note at the outset that, in order to permit meaningful appellate review, a record on appeal "must contain all of the relevant papers that were before the [motion c]ourt" (Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]). Inasmuch as a " 'court's determination of discovery issues should be disturbed only upon a showing of clear abuse of discretion' " (Eaton v Hungerford, 79 AD3d 1627, 1628 [4th Dept 2010]; see Barnes v Habuda, 118 AD3d 1443, 1443 [4th Dept 2014]), meaningful appellate review here would require this Court to consider the same records previously reviewed by the motion court.
The record on appeal does not include the medical records from either of decedent's treatment providers that were the subject of the order on appeal. During motion practice before this Court, defendant requested an adjournment of oral argument on his appeal in order to facilitate, as limited by his motion, the transfer of records from only one of decedent's pre-accident treatment providers (treatment records) directly to this Court. We granted the requested adjournment but, in order to allow for meaningful appellate review, we ordered plaintiff to provide Supreme Court with a copy of the treatment records that decedent had previously submitted for in camera review. We further ordered the court to settle the record on appeal by "certify[ing] whether they are the same records the court reviewed in camera . . . , and if they are the same records, the court shall submit them to this Court" (see generally 22 NYCRR 1000.7 [b]). After plaintiff complied with our order, however, the court issued an order finding that the court was "unable to certify that the copy of those records from the plaintiff, or a copy of those [treatment records from decedent's treatment provider], are the same records this [c]ourt [previously] reviewed in camera." Despite so concluding, the court ordered decedent's treatment provider to submit a copy of the treatment records directly to this Court.
Here, by failing to comply with this Court's directive to settle the record on appeal with respect to the in camera exhibit, the court effectively foreclosed defendant's ability to seek meaningful appellate review of the court's in camera review of the treatment records (see generally Mergl, 19 AD3d at 1147). We note that, once the court determined that it could not in [*2]good faith certify any set of records for appellate review, the better practice would have been for the court to fashion a remedy that would have afforded defendant an opportunity to obtain that review, such as inviting motion practice that could have led to an appealable order. The court instead affirmatively called into question whether the treatment records currently before this Court match those previously before the motion court. Inasmuch as the record on appeal does not include any of the records reviewed by the court in camera, we are compelled to dismiss.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court