■ Stefanos Tsatsakos et al., Appellants, v Citicorp et al., Defendants and Third-Party Plaintiffs-Respondents. BET USA, Inc., et al., Third-Party Defendants-Respondents. [744 NYS2d 475] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated February 14, 2001, as granted that branch of the motion of the third-party defendants, in which the defendants third-party plaintiffs joined, which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

Stefanos Tsatsakos (hereinafter Tsatsakos) and a coworker, window washers, were engaged in raising a scaffold at the Citicorp Building in Long Island City. Tsatsakos was inside the scaffold, which was approximately one foot above the 48th floor setback and was suspended by cables from the roof of the building. The scaffold was equipped with a control that enabled it to be raised and lowered along the face of the building by the workers. Before raising the scaffold, the coworker pushed it close to the building where Tsatsakos could elevate it by pressing the control. As the coworker steadied the scaffold against the building, he lost control, and as a result the scaffold swung back, and struck the window allegedly injuring Tsatsakos.

Tsatsakos and his wife commenced this action alleging, inter alia, a violation of Labor Law § 240 (1). The third-party defendants, BET USA, Inc., and Arcade Building Maintenance moved for summary judgment dismissing the complaint in which the defendants third-party plaintiffs Citicorp and William A. White, Inc., joined. The Supreme Court granted the motion. We affirm.

Labor Law § 240 (1), which imposes absolute liability, "is ad-

dressed to situations in which a worker is exposed to the risk of falling from an elevated worksite or being hit by an object falling from an elevated worksite" (*Rocovich v Consolidated Edison Co.*, 167 AD2d 524, 526, *affd* 78 NY2d 509; *see also Abreu v Manhattan Plaza Assoc.*, 214 AD2d 526). "The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). The objective of the statute in requiring protective devices for persons working at heights is to prevent them from falling (*see Nieves v Five Boro A.C. & Refrig. Corp., supra*).

In this case, the respondents established that Tsatsakos was not injured in connection with an elevated hazard, since the scaffold was only one foot above the setback, and swung laterally into the window. Since the plaintiffs failed to raise a triable issue of fact in this regard, summary judgment was properly granted in favor of the defendants (*see Rocovich v Consolidated Edison Co., supra*; *see generally Zuckerman v City of New York,* 49 NY2d 557).

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.