■ MICHAEL S. BRADLEY, Respondent, v MORGAN STANLEY & Co., INC., et al., Appellants. [800 NYS2d 620]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme

Court, Kings County (Vaughan, J.), dated June 16, 2004, as denied their motion for summary judgment dismissing the causes of action based on common-law negligence, Labor Law §§ 200, 240 (1) and 241 (6), inter alia, predicated upon alleged violations of 12 NYCRR 23-1.7 (d), and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleges that he was injured as he was moving construction materials across a temporary elevated construction platform. He contends that he slipped due to the accumulation of water on the platform and fell off the unguarded edge of the elevated loading platform to the ground approximately four feet below. Notwithstanding the presence of an overhead roof, the loading dock was obviously exposed to the elements. The plaintiff testified that it was raining all day and that work at the construction site had stopped for some hours during the day because the rain had disabled the elevator. A construction superintendent employed by the defendant Tishman Speyer, Inc., was present at the job site on the day of the accident. He testified that he did not recall the weather conditions or the condition of the platform either prior to or at the time of the incident.

Labor Law § 240 (1) requires contractors and owners to provide workers with appropriate safety devices to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

The plaintiff demonstrated that he fell to the ground from a temporary elevated construction platform (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]; *Aiello v Rockmor Elec. Enters.*, 255 AD2d 470 [1998]; *Rivera v Squibb*, 184 AD2d 239 [1992]). Clearly, his injuries arose from an elevation-related risk within the contemplation of the statute (*see Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999]) rather than from the usual and ordinary dangers of a construction site (*cf. Misseritti v Mark IV Constr. Co.*, 86 NY2d 487 [1995]; *Toefer v Long Is. R.R.*, 308 AD2d 579 [2003], *affd* 4

NY3d 399 [2005]; *Tsatsakos v Citicorp*, 295 AD2d 500 [2002]). In addition, the plaintiff's expert witness's affidavit raised a question of fact as to whether there was an absence of a required safety device and, if so, whether the failure to provide the safety device was a proximate cause of the plaintiff's injuries (*see Zervos v City of New York*, 8 AD3d 477 [2004]; *see also Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523 [1985]). Accordingly, summary judgment based on Labor Law § 240 (1) was not appropriate.

Labor Law § 241 (6) imposes a "nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501-502; *Dickson v Fantis Foods*, 235 AD2d 451, 452 [1997]). An owner or contractor may be liable for injuries to a worker proximately caused by the failure to comply with concrete safety standards promulgated in the Industrial Code, "even in the absence of control or supervision of the worksite" (*Rizzuto v L.A. Wenger Contr. Co., supra* at 348-349).

The Supreme Court correctly denied the defendants' motion for summary judgment on the plaintiff's Labor Law § 241 (6) cause of action to the extent it was predicated upon alleged violations of 12 NYCRR 23-1.7 (d). That regulation, in pertinent part, specifically prohibits work on slippery elevated surfaces, including slippery conditions caused by the accumulation of water (*see* 12 NYCRR 23-1.7 [d]). The evidence presented in opposition to the motion was sufficient to raise a question of fact as to whether the defendants had actual or constructive notice of the wet condition of the loading platform (*cf. McCague v Walsh Constr.*, 225 AD2d 530 [1996]). The alleged culpability of the plaintiff does not preclude liability founded upon a violation of Labor Law § 241 (6) (*see Rizzuto v L.A. Wenger Contr. Co., supra* at 350; *Edwards v C&D Unlimited*, 295 AD2d 310 [2002]; *Amirr v Calcagno Constr. Co.*, 257 AD2d 585 [1999]).

Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Jock v Fien*, 80 NY2d 965, 967 [1992]). Even in the absence of supervision or control by the contractor, the statute applies, inter alia, to owners and contractors who either create or have actual or constructive notice of a dangerous condition (*see Kerins v Vassar Coll.*, 15 AD3d 623 [2005]; *Blanco v Oliveri*, 304 AD2d 599 [2003]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589, 590 [2002]).

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether the defendants had actual or constructive notice of the allegedly dangerous condition which caused the plaintiff's accident (*see Linares v United Mgt. Corp.,* 16 AD3d 382 [2005]; *Abayev v Jaypson Jewelry Mfg. Corp.,* 2 AD3d 548 [2003]; *Oganessian v Eternal Mems.,* 305 AD2d 387 [2003]). Accordingly, the Supreme Court properly declined to dismiss the plaintiff's common-law negligence and Labor Law § 200 causes of action. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.