■ GARNELL WRIGHTEN, Respondent, v ZHN CONTRACTING CORPORATION et al., Defendants, BOVIS LEND LEASE LMB, INC., Respondent-Appellant, and C.D.E. AIR CONDITIONING CO., INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. BLACKSTAR HI-TECH METALS, INC., Third-Party Defendant-Respondent. [822 NYS2d 115]—

In an action to recover damages for personal injuries, the defendant C.D.E. Air Conditioning Co., Inc., appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 7, 2005, as denied that branch of its motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it, and the defendant third-party plaintiff, Bovis Lend Lease LMB, Inc., cross-appeals from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it and on its cross claim for contractual and common-law indemnification against the defendant C.D.E. Air Conditioning Co., Inc., and the third-party defendant.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendants C.D.E. Air Conditioning Co., Inc., and Bovis Lend Lease LMB, Inc.

During the course of a renovation project on the elevator system at the courthouse of the Appellate Division, First Department, the plaintiff was injured when he slipped and fell on a wooden ramp placed on a staircase leading to the basement where the work was being performed. The ramp was wet with rain water. The City of New York contracted with Bovis Lend Lease LMB, Inc. (hereinafter Bovis), to perform construction management services for the project, and Bovis hired subcontractors. The City also contracted with C.D.E. Air Conditioning Co., Inc. (hereinafter CDE), to repair and renovate the air conditioning and heating system at the courthouse. CDE subcontracted with the third-party defendant, Blackstar Hi-Tech Metals, Inc. (hereinafter Blackstar), to perform demolition work. The plaintiff was an employee of Blackstar.

The Supreme Court properly denied those branches of CDE's motion and Bovis's cross motion (hereinafter collectively the defendants) which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against

them. Contrary to the defendants' contentions, "[s]ince an owner or general contractor's vicarious liability under section 241 (6) is not dependent on its personal capacity to prevent or cure a dangerous condition, the absence of actual or constructive notice sufficient to prevent or cure [is] irrelevant to the imposition of Labor Law § 241 (6) liability" (*Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352 [1998]; *see Amirr v Calcagno Constr. Co.,* 257 AD2d 585, 586 [1999]). To the extent that *Bradley v Morgan Stanley & Co., Inc.* (21 AD3d 866 [2005]) and *Bommarito v Park Ave. Plaza Co.* (307 AD2d 944 [2003]) may be read to require actual or constructive notice for a Labor Law § 241 (6) violation, they should not be followed. In opposition to the defendants' showing of prima facie entitlement to summary judgment, the plaintiff raised issues of fact as to whether CDE and Bovis each were a general contractor within the meaning of the statute (*see Aranda v Park E. Constr.,* 4 AD3d 315, 316 [2004]), and whether there was a violation of 12 NYCRR 23-1.7 (d) (*see Rizzuto v L.A. Wenger Contr. Co., supra* at 350-351).

The Supreme Court also properly denied that branch of Bovis' cross motion which was for summary judgment on its cross claim for contractual and common-law indemnification against CDE and Blackstar. Neither CDE nor Blackstar was in privity with Bovis (*see Fernandes v Equitable Life Assur. Socy. of U.S.,* 4 AD3d 214, 215 [2004]), and Bovis failed to establish prima facie that it was an agent of the City within the meaning of the indemnification clauses in CDE's agreement with the City and Blackstar's agreement with CDE (*see Tonking v Port Auth. of N.Y. & N.J.,* 3 NY3d 486, 489-490 [2004]). Bovis also failed to establish prima facie entitlement to common-law indemnification against either CDE or Blackstar (*see Freeman v National Audubon Socy.,* 243 AD2d 608, 609 [1997]; *cf. Chapel v Mitchell,* 84 NY2d 345, 347-348 [1994]). Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.