# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**161**
**CA 13-00765**
PRESENT: SMITH, J.P., FAHEY, CARNI, AND VALENTINO, JJ.

---

JAMES T. SANDORO, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

9274 GROUP, INC., DEFENDANT-RESPONDENT.

---

THE KNOER GROUP, PLLC, BUFFALO (ROBERT E. KNOER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

PALADINO, CAVAN, QUINLIVAN & PIERCE, BUFFALO (SHANNON M. HENEGHAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 1, 2013. The judgment, inter alia, denied the motion of plaintiff for summary judgment and granted the cross motion of defendant for a judgment declaring that it is the titled owner of real property located at 204 and 208 Seneca Street, Buffalo.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15 seeking, inter alia, a declaration that he had acquired title to a portion of defendant's property by adverse possession. Contrary to the contention of plaintiff, Supreme Court properly denied his motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint and declaring that defendant is the titled owner of the disputed property (*see* RPAPL 1521). Defendant met its burden on its cross motion by establishing that at least two of the five elements of adverse possession were not present, i.e., that plaintiff's possession was not hostile and under a claim of right, and that plaintiff's possession did not continue for the requisite 10 years (*see Walling v Przybylo*, 7 NY3d 228, 232; *see also* RPAPL 501 [2]). In support of its cross motion, defendant submitted a letter written by plaintiff during the statutory 10-year period, in which plaintiff acknowledged defendant's ownership of 208 Seneca Street—a large portion of the property in dispute. Plaintiff's acknowledgment of defendant's ownership negates the element of hostility during the requisite period as a matter of law (*see Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106, 1107-1108; *Bedell v Shaw*, 59 NY 46, 49), and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We reject plaintiff's contention that his letter referred to a different parcel

of real property, and we conclude that plaintiff's deposition testimony on that point was merely an attempt to avoid the legal consequences of his letter by raising feigned issues of fact (*see Taillie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1809).  In any event, the confusing and conflicting deposition testimony about what this letter may have referred to makes it impossible as a matter of law to support a finding of hostility by clear and convincing evidence (*see Snyder v Fabrizio*, 2 AD3d 1464, 1464-1465, *lv denied* 2 NY3d 703).  Moreover, plaintiff conceded that his use of the property was sporadic after his student parking contract with a local college expired, and he therefore failed to raise an issue of fact whether his use of the disputed property was continuous during the requisite period (*see Aubuchon Realty Company Inc. v Cohen*, 294 AD2d 738, 739; *see generally Zuckerman*, 49 NY2d at 562).  In light of our determination, we do not address plaintiff's remaining contentions.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court