Ahmed v Essex Terrace, Inc. (2022 NY Slip Op 03998)

Ahmed v Essex Terrace, Inc.

2022 NY Slip Op 03998

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-06464
 (Index No. 517368/17)

[*1]Saleh Ahmed, appellant, 
v
Essex Terrace, Inc., respondent, et al., defendant (and a third-party action).

Bornstein & Emanuel, P.C. (Paul D. Creinis, LLC, Brooklyn, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Danielle Tauber of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated August 5, 2020. The order granted the motion of the defendant Essex Terrace, Inc., pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Andrew Borrok, J.) dated May 10, 2018, granting the plaintiff's motion for leave to enter a default judgment against it, and pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order dated August 5, 2020, is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Essex Terrace, Inc., pursuant to CPLR 50515(a)(1) to vacate the order dated May 10, 2018, and pursuant to CPLR 3012(d) for leave to serve a late answer is denied.
The plaintiff allegedly sustained injuries when he fell from a scaffold while working at a construction project in Brooklyn. The plaintiff commenced this personal injury action against the defendant Essex Terrace, Inc. (hereinafter Essex), the owner of the building, and another defendant. After Essex failed to answer or appear in the action, the plaintiff moved for leave to enter a default judgment against Essex. In an order dated May 10, 2018, the Supreme Court granted the plaintiff's motion.
Essex thereafter moved pursuant to CPLR 5015(a)(1) to vacate the order dated May 10, 2018, and pursuant to CPLR 3012(d) for leave to serve a late answer. In an order dated August 5, 2020, the Supreme Court granted the motion, and the plaintiff appeals.
A party seeking to vacate an order entered upon its default in answering or appearing must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; CIT Bank, N.A. v Francis, 188 AD3d 792, 793).
Although what constitutes a reasonable excuse lies within the sound discretion of the motion court, "a general excuse that the default was caused by delays occasioned by the defendant's [*2]insurance carrier is insufficient" to demonstrate a reasonable excuse for a defendant's default (Sargsyan v Kaieteur Constr., Inc., 171 AD3d 826, 827; see Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791; Lemberger v Congregation Yetev Lev D'Satmar, Inc., 33 AD3d 671, 672; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 356). Here, Essex provided only conclusory and unsubstantiated assertions that its insurance carrier had been notified of this action and would be hiring counsel on its behalf.
Since Essex failed to demonstrate a reasonable excuse for its default, it is unnecessary to consider whether it demonstrated the existence of a potentially meritorious defense (see Shy v Shavin Corp., 174 AD3d 936, 938; Sargsyan v Kaieteur Constr., Inc., 171 AD3d at 827; Medas v Rochpark Realty, LLC, 150 AD3d 1221, 1223).
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court improvidently exercised its discretion in granting Essex's motion to vacate the order dated May 10, 2018, and for leave to serve a late answer.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court