Gilhuys v Trovato (2024 NY Slip Op 06580)

Gilhuys v Trovato

2024 NY Slip Op 06580

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-00676
 (Index No. 609947/21)

[*1]Michelle Gilhuys, respondent,
v
Angela Trovato, appellant.

Anthony J. LoPresti (Gail M. Blasie, Garden City, NY, of counsel), for appellant.
Ikechukwu Dibia, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered January 11, 2023. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 317 and 5015(a) to vacate an order of the same court entered July 27, 2022, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant upon her failure to appear or answer the complaint.
ORDERED that the order entered January 11, 2023, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for personal injuries the plaintiff allegedly sustained in September 2020 while working as a postal worker at a window counter. The defendant failed to appear or answer the complaint.
By order entered July 27, 2022, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendant (hereinafter the July 2022 order). In August 2022, the defendant moved, inter alia, pursuant to CPLR 317 and 5015(a)(1) and (4) to vacate the July 2022 order. By order entered January 11, 2023, the court, among other things, denied those branches of the defendant's motion. The defendant appeals.
"Pursuant to CPLR 5015(a)(4), [t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order. Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (U.S. Bank N.A. v Henry, 219 AD3d 854, 856 [internal quotation marks omitted]).
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the July 2022 order. The affidavit of the plaintiff's process server constituted prima facie evidence of proper service upon the defendant (see Bedessee Imports, Inc. v Najjar, 170 AD3d 640, 641). The affidavit of service reflected that the defendant was served pursuant to CPLR 308(2) by delivery of the summons and complaint to a person of suitable age and discretion, followed by the required mailing to the defendant's address (see Bethpage Fed. Credit [*2]Union v Grant, 178 AD3d 997, 998). Contrary to the defendant's contention that service was defective because the additional mailing of the summons and complaint was not mailed to her post office box address, the defendant was properly served because the mailing component of CPLR 308(2) mandates, as relevant to the issue on this appeal, that service occur by "mailing the summons to the person to be served at his or her last known residence" (see Everbank v Kelly, 203 AD3d 138, 143).
"A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Bethpage Fed. Credit Union v Grant, 178 AD3d at 999). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court'" (Byung Ha Lee v Mascarenas, 219 AD3d 928, 929, quoting Logan v 250 Pac., LLC, 210 AD3d 1064, 1066).
The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the July 2022 order upon determining that the defendant failed to demonstrate a reasonable excuse for her default. The defendant's contention that she was unaware that her insurance company had denied coverage does not constitute a reasonable excuse, since a "'general excuse that the default was caused by delays occasioned by the defendant's insurance carrier is insufficient' to demonstrate a reasonable excuse for [her] default" (Ahmed v Essex Terrace, Inc., 206 AD3d 866, 867, quoting Sargsyan v Kaieteur Constr., Inc., 171 AD3d 826, 827; see Segovia v Delcon Constr. Corp., 43 AD3d 1143, 1144). Since the defendant failed to establish a reasonable excuse for her default, it is not necessary to determine whether she demonstrated the existence of a potentially meritorious defense (see Byung Ha Lee v Mascarenas, 219 AD3d at 929).
"CPLR 317 permits a defendant who has been served with a summons and complaint other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons and complaint in time to defend and has a potentially meritorious defense" (Bethpage Fed. Credit Union v Grant, 178 AD3d at 998). "A defendant moving pursuant to CPLR 317 to vacate a default need not establish a reasonable excuse for the delay in answering or appearing" (Schirmer v Piazza, 214 AD3d 749, 751). "However, 'to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action'" (Bethpage Fed. Credit Union v Grant, 178 AD3d at 998, quoting Wassertheil v Elburg, LLC, 94 AD3d 753, 754).
Here, the defendant acknowledged that the summons and complaint were delivered to her housekeeper, a person of suitable age and discretion, at the defendant's residential address. In light of the foregoing, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 317 to vacate the July 2022 order (see Wassertheil v Elburg, LLC, 94 AD3d at 754).
The defendant's remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court